# DANNY GRACE PLLC

ATTORNEYS AND COUNSELORS AT LAW

|  |  | 225 BROADWAY, SUITE 1200 |
|---|---|---|
| Writer's email: | yuting@dannygracepc.com | NEW YORK, NY 10007 |
| Writer Admitted in: | New York, United States District Court | 212.202-2485 |
|  | for the Southern and Eastern Districts of | 718-732-2821 FAX |
|  | New York |  |

Hon. Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Plaintiffs' Motion for Rule 37.2 Conference Regarding Discovery Disputes**
*Shen Zhen Shi Tuo Yao Dian Zi Shang Wu Ltd., Co., et al. v. The Mortner Law Office, P.C. et. al.*  **(Civ. No. 1:25-cv-02270-AS)**

Dear Judge Subramanian:

We represent the Plaintiffs in the above-referenced matters. Pursuant to Local Rule 37.2 and Section 5 of your Honor's individual rules, Plaintiffs write respectfully to request a pre-motion conference to address discovery disputes and Plaintiffs' anticipated motion to compel.

On August 1, 2025, Plaintiffs served Defendants with Plaintiffs' First Set of Requests for Production of Documents to Defendants ("Plaintiffs' Requests of Documents") and Plaintiffs' First Set of Interrogatories to Defendants ("Plaintiffs' Interrogatories") (collectively, "discovery demands"), **Exhibit 1**. On October 15, 2025, Plaintiffs served Defendants with request for admissions. **Exhibit 2**.

To date, Defendants have failed to respond to Plaintiffs' discovery demands and request for admission. Indeed, on November 10, 2025, Defendants Counsel confirmed that Defendants "will not be serving their objects and responses to Plaintiffs' Requests for Production, Interrogatories or Requests to Admit at this time due to the stay of discovery."

### A. Plaintiffs' Efforts to Amicably Resolve the Discovery Disputes

The discovery disputes were first raised on October 20, 2025. On the same date, the undersigned emailed Defendants' Counsel and asked Defendants to respond to Plaintiffs' discovery demands, which were due on August 30, 2025. On October 27, 2025, I followed up my last communication and asked to meet and confer since Defendants' Counsel had failed to reply to my last email. In response, Defendants' Counsel stated that he did not receive Plaintiffs' discovery demands. This is false. I forwarded Defendants' Counsel the August 1, 2025, email containing Plaintiffs' discovery demands. In response, Defendants' Counsel requested a 30-day extension to respond to Plaintiffs' discovery demands.

As a courtesy, the undersigned agreed to a 15-day extension and expressed to Defendants' Counsel that no further extension would be consented to.

After 14 days, on November 10, 2025, Defendants' Counsel, for the first time, stated that he was not going to respond to Plaintiffs' discovery demands and request for admissions due to the stay of discovery. On November 11, 2025, the undersigned corrected Defendants' counsel and explained to him that the discovery for this action is not stayed. I also asked to meet and confer. The Parties scheduled a phone call for November 14, 2025, at 9:30 a.m. Defendants' Counsel did not answer his phone when I called, and upon information and belief his associate or answering service ("his associate") answered the phone. His associate informed me that she was not be able to reach him. I left a message with his associate and asked Defendants' Counsel to return my call. I also emailed Defendants' Counsel and asked him to call me back by 11:00 a.m. today. Otherwise, I would be left with no option but to file a Rule 37.2 letter for Plaintiffs' incoming motion to compel.

At approximately 12:28 p.m. today, I phoned Defendants' Counsel again, to no avail. Again, his associate answered the phone and informed me that she could not reach him and she would leave a message for him[1].

Thus, Plaintiffs have made good faith efforts to amicably resolve the discovery disputes.

### B. Motion to Compel

Plaintiffs respectfully move to compel answers to Plaintiffs' Interrogatories and production of documents in response to Plaintiffs' Requests of Documents. Plaintiffs' discovery demands and Plaintiffs' request for admissions are annexed hereto as **Exhibit 1** and **2**.

Defendants have no reasonable excuse for their delay and failure to respond to Plaintiffs' discovery demands and request for admissions. On October 27, 2025, Defendants' counsel stated he had not received Plaintiffs' discovery demands. After I corrected him, I offered Defendants a further 15-day extension. On November 10, Defendants' counsel alleged that discovery in this action is stayed. The undersigned has explained to Defendants' Counsel that discovery in this action is not stayed. On June 9, 2025, discovery in the action Mpow Technology Co., et. al. v. Moshe Mortner. Et. Al. 1:24-cv-08640 - AS was ordered to be stayed because of Defendants' pending motion to dismiss. On June 13, 2025, this Court approved the Parties' proposed Civil Case Management Plan and Scheduling Order and ordered the Parties to complete depositions by November 28, 2025, and to complete fact discovery by December 28, 2025. (ECF No. 18). Thus, the Parties are now at an impasse.

By failing entirely to respond to Plaintiffs' discovery demands and Request for Admission and failing to meet and confer, Defendants waived all of their objections to Plaintiffs' discovery demands and request for admissions. *See*, Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (ruling that "[a] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available); *see also*, DeNicola v. Frontline Asset Strategies, 279 F.R.D. 214, 215 (E.D.N.Y. 2012) (holding that a party "waive[s] all objections as to...document demands except those based on privilege" by failing to timely respond to document requests), and Eldaghar v. City of New York Department of Citywide Administrative Services, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003).

---

[1] The lack of response by Defendants' Counsel violates Section 5.C of Your Honor's Individual Rules, providing that "[w]here a party raises a discovery dispute with the opposing party, the opposing party must make itself available to confer in good faith to resolve the dispute within two business days of a request for a conference."

Plaintiffs' discovery demands and request for admissions are relevant to Plaintiffs' complaint and Defendants' defense, as well as his counterclaims. Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978))(ruling that "'[r]elevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case'").

Additionally, Defendants are Plaintiffs' former attorneys, and thus, Plaintiffs are entitled to receive the entire file that Defendants have regarding the arbitration with the American Arbitration Association. Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn, 91 N.Y.2d 30, 37 (1997) (holding that a former client was presumptively entitled to both "end-product" documents and "work product materials, for the creation of which they paid during the course of the firm's representation"); N.Y. State 766 (2003) (concluding that "a former client is entitled to any document related to the representation unless substantial grounds exist to refuse access").

### C. Attorney's Fees and Extension

Plaintiffs also respectfully ask this Court to award attorney's fees in connection with this letter motion because Defendants failed to take reasonable actions to comply with their discovery obligations despite a deadline extension. Cardwell v. Davis, Polk & Wardwell, LLP, No. 19 Civ. 10256 (GHW), 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021) (ruling that "[m]onetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled").

Plaintiffs also respectfully request that this Court extend the deadline for the Parties to complete depositions and fact discovery *sin die*.

We are thankful for the Court's time and consideration.

Dated:   November 14, 2025

Respectfully submitted,

*Yuting Li*
Yuting Li, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
(212) 202-2485
*Attorneys for Plaintiffs*

DENIED. *See* Dkt. 16 ("As discovery in this matter is stayed pending the Court's consideration of defendant's motion to dismiss, the Court will hold off on resolving any emergent discovery disputes between the parties."); *see also* Dkt. 36, Related Case No. 24cv8640 (staying discovery).

The Clerk of Court is directed to terminate the motion at Dkt. 24.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 18, 2025

3